# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

KIMSEY CHEATWOOD,

          **Plaintiff,**

    v.

QUICKTRIP CORPORATION,

          **Defendant.**

                **1:14-cv-740-WSD**

## OPINION AND ORDER

This matter is before the Court on Defendant QuickTrip Corporation's ("QuickTrip" or "Defendant") Notice of Removal [1] ("Notice") and Plaintiff Kimsey Cheatwood's ("Cheatwood" or "Plaintiff") Objection to Removal [7], which the Court construes as Plaintiff's Motion to Remand ("Motion").

## I.    BACKGROUND

On February 17, 2014, Plaintiff filed his Complaint [1.1] in the Superior Court of Clayton County, Georgia.[1]  Plaintiff alleges that he was injured at a QuickTrip store when he "slipped and fell on the wet floor" on April 3, 2012. (Compl. at ¶ 9).  He claims past special damages for medical expenses in the amount of $10,945.76, and damages in unspecified amounts for future medical

---

[1]    No. 2014-CV-00456-6.

expenses, past and future pain and suffering, impairments, temporary and permanent disabilities, mental distress, and lost wages.  (Id. at ¶¶ 20, 23).  Plaintiff also seeks an award of punitive damages.  (Id. at ¶ 25).

On March 13, 2014, Defendant removed the Clayton County action to this Court on the basis of diversity jurisdiction.  (Notice at ¶ 4).  Defendant alleges that Plaintiff is a resident of Georgia and that QuickTrip is an Oklahoma corporation with its principal place of business located in Tulsa, Oklahoma.   (Id. at ¶ 3).  Defendant claims that the amount in controversy exceeds $75,000.  (Id.).

On April 17, 2014, Plaintiff amended his Complaint to allege that he "seeks a maximum recovery of $75,000, exclusive of interest and costs, and limits his recovery to a maximum amount of $75,000, exclusive of interest and costs." (Am. Compl. [6] at ¶ 1).  On that same day, Plaintiff filed his Motion, arguing that the Court lacks subject matter jurisdiction over this action because (1) Defendant failed to show in its Notice of Removal that the amount in controversy exceeds $75,000, and (2) his Amended Complaint now shows that he "limits the maximum amount of money recoverable to $75,000, exclusive of interest and costs." [2]

---

[2]     The Court construes Plaintiff's Objection to Removal as a Motion to Remand.  That Plaintiff styled his filing as an "objection to removal" instead of a "motion to remand" does not, as Defendant appears to suggest, preclude remand for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter

(Mot. at ¶¶ 2-4). Plaintiff contends that this action is required to be remanded to the Superior Court of Clayton County.

On April 25, 2014, Defendant filed its Memorandum of Law in Opposition to Plaintiff's Objection to Removal ("Opposition" [8.1]) arguing that, based on the nature and severity of Plaintiff's alleged injuries, his claim for pain and suffering, the cost of future medical treatment, and Plaintiff's claim for punitive damages, the amount in controversy exceeds $75,000.

## II.   DISCUSSION

### A.   Legal Standard

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). Defendant removed this action on the ground that the Court has federal diversity jurisdiction, which extends to "all civil actions where the amount in controversy exceeds the sum or value of $75,000," and is between "citizens of different states." See 28 U.S.C. § 1332(a)(1), (2). The parties agree

---

jurisdiction, the case shall be remanded."); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252 (N.D. Ga. 1996) (where plaintiff filed improper "objection to petition," court could not grant plaintiff's requested relief of dismissing or denying petition for removal; remanding however for lack of subject matter jurisdiction because defendant failed to show that amount-in-controversy requirement was satisfied).

that Plaintiff and Defendant are citizens of different states.  They disagree whether the amount in controversy has been met.  It is well-settled that the jurisdictional amount is determined as of the date of removal.  <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 751 (11th Cir. 2010).

When a case is removed to federal court, a removing defendant must file a notice of removal "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446.  "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the . . . jurisdictional requirement.'"  <u>Roe v. Michelin N. Am., Inc.</u>, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1357 (11th Cir. 1996) <u>overruled on other grounds by</u> <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069, 1072 (11th Cir. 2000)).

Although the defendant must prove by a preponderance of the evidence that the amount in controversy is satisfied, it may do so in two ways.  In some cases, it may be "facially apparent" from the complaint that the amount in controversy exceeds $75,000, even where "the complaint does not claim a specific amount of damages."  <u>Id.</u> (quoting <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319

(11th Cir. 2001)).  Where a defendant alleges that removability is apparent from the face of the complaint, the district court may use its "judicial experience and common sense" to determine if the amount in controversy has been met.  Id. at 1062.  In evaluating the complaint allegations, the district court is not required to "suspend reality or shelve common sense in determining whether the face of the complaint establishes the jurisdictional amount."  Pretka, 608 F.3d at 770 (quoting Roe v. Michelin N. Am., Inc., 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)).  There must, however, be sufficient allegations in the complaint for a court to conclude that the jurisdictional amount is met.  Although a court may use its common sense in light of its judicial experience in deciding if the allegations in the complaint, as well as deductions, and inferences from them, support a finding that the amount in controversy has been alleged sufficiently, such deductions and inferences must be reasonable and supported in the complaint.  Arrington v. State Farm Ins. Co., 2:14-CV-209, 2014 WL 2961104 at *6 (M.D. Ala. July 1, 2014).

If the jurisdictional amount cannot be determined from the face of the complaint, the removing defendant may "provid[e] additional evidence demonstrating that removal is proper."  Roe, 613 F.3d at 1061 (quoting Pretka, 608 F.3d at 753-754).  Where a defendant submits other evidence to show the amount in controversy, a court may rely on the other evidence, as well as

reasonable inferences and deductions drawn from it, to determine if the defendant has carried its burden to show that the jurisdictional amount exceeds $75,000. Pretka, 608 F.3d at 754.  "[S]ometimes, the defendant's evidence on the value of a plaintiff's claims will be even better than the plaintiff's evidence."  Id. at 771.  In the end, a court must use its judgment to determine if the allegations, coupled with the other evidence submitted, show that the jurisdictional amount requirement is satisfied.  See id. at 754.

     B.    <u>Analysis</u>

         1.    Complaint Allegations Analysis

The Complaint alleges that Plaintiff "slipped and fell on the wet floor" and "suffered and continues to suffer serious injuries and damages."  (Compl. at ¶¶ 9, 10).  He alleges generically a scattershot list of unspecified "damages and/or injuries suffered" as follows:

    a)  past and/or future physical pain and suffering; and

    b)  past and/or future medical expenses; and

    c)  past and/or future impairment or interference with the ability to enjoy life; and

    d)  past and/or future impairment of bodily health and vigor; and

    e)  past and/or future fear of the extent of the injury; and

g) [sic] past and/or future temporary and/or permanent physical disabilities and/or impairment of activities and movements; and

h) past and/or future mental distress; and

i) past and/or future loss of earnings.

(Id. at ¶ 20).

Plaintiff also alleges $10,945.76 in special damages for costs incurred for treatment by healthcare providers.  (Id. at ¶ 23).  Plaintiff concludes with a demand for punitive damages.[3]  (Id. at ¶ 25).

Plaintiff alleges only generalized facts about the cause of his fall.  He does not allege the nature of his injury, the body part or parts affected, the recovery period required, the method of treatment received, or the purpose of the treatment performed by the providers listed in paragraph 23 of the Complaint.  The Court cannot, based on the Complaint allegations, determine whether the amount in controversy is satisfied.  The allegations in the Complaint of Plaintiff's past injuries or future medical treatment are simply too sparse and inspecific.  See

---

[3]    The Court does not consider Plaintiff's Amended Complaint as it pertains to the jurisdictional amount.  It is well-settled that "events occurring after removal, such as the post-removal amendment of a complaint . . . which may reduce the damages recoverable below the amount in controversy requirement, do not divest the district court of jurisdiction."  The Burt Co. v. Clarendon Nat. Ins. Co., 385 F. App'x 892, 894 (11th Cir. 2010) (citing Poore v. Am.-Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1290-91 (11th Cir. 2000), overruled in part on other ground by Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 640-41 (11th Cir. 2007)).

Hawkins v. Cottrell, Inc., 785 F. Supp. 2d 1361, 1379 (N.D. Ga. 2011) (holding that plaintiff's description of his injuries in his complaint as "permanent" was insufficient to enable the court to determine that the amount in controversy was satisfied); see also Grant v. Wal-Mart Stores E., LP, 5:14-CV-119, 2014 WL 2930835 at *1 (M.D. Ga. June 27, 2014) (finding that the complaint at issue "generically describe[d] the harm suffered as 'severe injuries that required extensive medical treatment' . . . and that it [was] not facially apparent from the complaint that the amount in controversy exceed[ed] $75,000."); see also Turner v. Wal-Mart Stores E., L.P., 7:11-CV-181, 2012 WL 6048949 at *3 (M.D. Ga. Dec. 5, 2012) ("Negligence, even gross negligence, is inadequate to support a punitive damages award . . .  Something more than the mere commission of a tort is always required for punitive damages.  There must be circumstances of aggravation or outrage.").

Based on the scant, conclusory allegations of injury and damage, coupled with the modest details of medical expenses alleged, the Court finds the allegations in the Complaint do not prove, by a preponderance of the evidence, that it is more likely than not that the claims here exceed the jurisdictional amount.  Roe, 613 F.3d at 1061.

2.      Defendant's Additional Evidence

Defendant next argues the additional evidence it submitted supports that the jurisdictional amount requirement is met here.[4]  Defendant submitted two records from Plaintiff's physicians at Resurgens Orthopaedic ("Resurgens") as evidence that the amount in controversy is satisfied.[5]  The medical records are from 2012 and, in them, Plaintiff's physician states that he is a candidate for Sacroiliac (SI) joint fusion surgery.[6]  The documents do not indicate, and Defendant does not assert, that the surgery was performed, will be performed or, if so, how much the surgery did or will cost.  These notes, even when considered in conjunction with

---

[4]      Defendant mentioned in its Opposition that Plaintiff sent Defendant a settlement demand letter, which purportedly lists Plaintiff's injuries.  The Court was not furnished a copy of the demand letter and will not consider it.

[5]      Defendant submitted the 2012 doctor's notes with its Opposition.  Although submitted after the Notice of Removal was filed, the Eleventh Circuit has consistently held that the Court may consider such evidence, but only to establish the facts present at the time of removal.  See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 946, 949 (11th Cir. 2000); Pretka, 608 F.3d at 744.

[6]      The Resurgens notes also state that Plaintiff had "pain, tingling and numbness about the left foot," "giving away about the leg," and "discomfort about the left hip, back and leg."  The notes, now over two-years-old, do not show these symptoms are related solely or even in part to Plaintiff's fall at Defendant's store.  Plaintiff was apparently placed on restricted work duty, but this, even when considered with the Complaint allegations and the Resurgens notes do not show, by a preponderance of the evidence, that the amount in controversy requirement is satisfied.

the allegations of the Complaint, are insufficient for the Court to find, by a preponderance of the evidence, that the jurisdictional amount requirement is met. See Muse v. Lowe's Home Ctrs., Inc., No. 2:11-CV-01481, 2011 WL 5025326 at *1, 4 (E.D. La. Oct. 21, 2011) (surgery recommendation alone, without projected cost of surgery, was not sufficient to show amount in controversy, but doctor's estimated cost and plaintiff's testimony that she was going to have the surgery supported that the amount in controversy exceeded $75,000); see also Cameron v. Teeberry Logistics, LLC, 920 F. Supp. 2d 1309, 1313 (N.D. Ga. 2013) (holding that orthopedic consult statement recommending and scheduling surgery did not provide unambiguous notice that plaintiff's damages exceeded $75,000 because that record did not contain an estimated cost for the surgery).

## III.   CONCLUSION

Having reviewed the Complaint allegations and Defendant's evidence, the Court finds that Defendant did not establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement.  The Court thus lacks subject matter jurisdiction, and this action is required to be remanded.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [7] is **GRANTED**.  The Clerk is **DIRECTED** to **REMAND** this action to the Superior Court of Clayton County, Georgia.

**SO ORDERED** this 29th day of October, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE